UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BRFHH SHREVEPORT, LLC, ET AL     CIVIL ACTION NO. 15-cv-2057

VERSUS     JUDGE FOOTE

WILLIS-KNIGHTON MEDICAL CENTER     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Introduction**

This is an antitrust lawsuit concerning an alleged scheme by Willis-Knighton to transfer LSU's commercially insured patients from University Health to Willis-Knighton. Before the court is Plaintiffs' Motion to Compel Production From LSU (Doc. 208). The motion concerns documents (email chains) that LSU withheld from production on grounds of the deliberative process privilege and the attorney-client privilege. Plaintiffs allege that this discovery dispute involves at least 140 different documents. However, by agreement of the parties, only nine of the disputed documents have been submitted to the court as exemplar cases. The parties are hopeful that resolution of the dispute regarding the nine documents will aid them in resolving their disputes as to the other documents and any privilege disputes that arise in the upcoming LSU depositions.

For the reasons stated below, the court finds that the deliberative process privilege, assuming it applies in this case, must give way to the important public interest involved in a federal antitrust lawsuit involving the operation of northwest Louisiana's only safety net

hospital for treatment of the poor and medically underserved. However, following the court's *in camera* review of each of the disputed emails, the court finds that LSU's assertion of the attorney-client privilege was generally appropriate.

**Deliberative Process Privilege**

The purpose of the deliberative process privilege is to enhance the quality of government decisions by assuring individuals who offer information and opinions to the government that their communications will be kept in confidence. Shermco Industries, Inc. v. Secretary of Air Force, 613 F.2d 1314, 1318 (5th Cir. 1980). The privilege is narrowly construed. Cain v. City of New Orleans, 2017 WL 894653 (E.D. La. 2017).

For the deliberative process privilege to apply, the information sought must be both predecisional and deliberative. Information is predecisional if it was prepared in order to assist the government decision maker in arriving at his decision. Id. It is deliberative if it reflects the give and take of the consultative process. Id. But the deliberative process does not extend to purely factual materials. Id. And if a document is merely peripheral to actual policy formation, it will not be protected. Dipace v. Goord, 218 F.R.D. 339, 404 (S.D. New York 2003).

Even when documents are protected by the privilege, the parties seeking the materials may still obtain them if their need for accurate fact finding overrides the government agency's interest in non-disclosure. Id. Other courts have stated that for a document to qualify for the deliberative process privilege, the court must balance the agency's interest in non-disclosure against the public interest in opening for scrutiny the government's decision-

making process. Deng v. New York State Office of Mental Health, 2015 WL 7422184 (S.D. New York 2015). See e.g., Torres v. City University of New York, 1992 WL 380561 (S.D. New York 1992) ("Particularly in a civil rights action," the public's interest in challenging discrimination is overriding, and the privilege must yield.).

For the privilege to apply, the agency must be acting in its capacity as a governmental body formulating important public policy. The privilege has not been applied when an agency was acting in its capacity as an employer. Deng, supra.

LSU has not met its burden of demonstrating to the court that the chains of emails sought to be protected are both predecisional and deliberative. The court, of course, recognizes LSU's important role in maintaining a teaching institution as well as a hospital for treatment of the indigent and medically underserved in North Louisiana. And as part of LSU's obligations, it no doubt has to make difficult decisions regarding who it may wish to partner with. But why LSU took certain actions (and did not take other actions) are at the heart of this antitrust lawsuit.

Did Willis-Knighton strong arm LSU into the current arrangement? Did Willis-Knighton interfere with LSU's attempts to meet with Ochsner or others to discuss alternative arrangements? The nine documents submitted to the court are extremely relevant to these key questions, and the public's interest in enforcing federal antitrust laws to ensure fair competition in a critical market vastly outweighs LSU's interest in non-disclosure of the documents. Therefore, even if the deliberative process privilege applies, the privilege will

not be enforced in this case. LSU is ordered to produce the documents that were withheld solely on the basis of the deliberative process privilege.

**Attorney-Client Privilege**

Even though the deliberative process privilege will not be applied to LSU in this case, there are emails within the nine email strings attached to Plaintiff's motion that do deserve protection under the attorney-client privilege.

**Exhibit 1:**

Email from Frank Opelka on Wednesday, April 29, 2015 at 7:20 PM. This email is protected by the attorney-client privilege.

**Exhibit 2:**

Email from Jerry Phillips dated Wednesday, April 29, 2015 at 9:22 AM. This email is protected by the attorney-client privilege.

**Exhibit 3:**

Email from Frank Opelka dated Wednesday, April 29, 2015 at 1:54 PM. This email is protected by the attorney-client privilege.

Email from Frank Opelka dated April 29, 2015 at 9:12 AM. This email is protected by the attorney-client privilege.

**Exhibit 4:**

All of the emails in this email chain are protected by the attorney-client privilege.

**Exhibit 5:**

Email from Susan Armstrong dated October 31, 2014 at 10:40 AM.  This email is protected by the attorney-client privilege.

Email from Robert Barish dated Friday, October 31, 2014 at 10:27 AM.  LSU has agreed to un-redact the email.

**Exhibit 6:**

Email from jvmtex@aol.com dated November 6, 2014 at 3:25 PM.  LSU has agreed to un-redact the email.

Email from Patrick Seiter dated Thursday, November 6, 2014 at 4:35 PM.  This email is protected by the attorney-client privilege.

Email from Robert Barish dated Wednesday, November 5, 2014 at 4:30 PM.  This email is protected by the attorney-client privilege.

**Exhibit 7:**

Email from Robert Barish dated Thursday, November 6, 2014 at 1:01 AM.  LSU has agreed to un-redact the email.

Email from Robert Barish dated Wednesday, November 5, 2014 at 10:17 PM.  This email is protected by the attorney-client privilege.

Email from jvmtex@aol.com dated November 5, 2014 at 7:31 PM.  LSU has agreed to un-redact the email.

Email from Patrick Seiter dated Wednesday, November 5, 2014 at 5:30 PM.  LSU has agreed to un-redact the email.

**Exhibit 8:**

Email from Patrick Seiter dated August 23, 2014 at 5:36 PM.  This email is protected by the attorney-client privilege.


**Exhibit 9:**

Email from Victor Yick dated June 20, 2016 at 12:37 PM. This email is protected by the attorney-client privilege.

Email from Patrick Seiter dated June 20, 2016 at 12:03 PM. LSU has agreed to un-redact the email.

**Conclusion**

LSU has not satisfied the court that the deliberative process privilege protects the emails that are at issue in this discovery dispute. But even if the privilege applies, the court will not enforce it in this case because of the public's right to accurate fact finding in a federal antitrust case involving an important safety net hospital in northwest Louisiana far outweighs LSU's interest in non-disclosure. Nevertheless, as explained above, some of the emails are protected by the attorney-client privilege. Accordingly, Plaintiff's **Motion to Compel (Doc. 208)** is **granted in part** and **denied in part**. The court notes that a comprehensive protective order has been entered in this case and contains "attorneys' eyes only" protections for extremely sensitive information. The protective order will help ease LSU's concerns about improper dissemination of the LSU documents.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of April, 2017.

Mark L. Hornsby
U.S. Magistrate Judge