**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| BRFHH SHREVEPORT, L.L.C. and VANTAGE HEALTH PLAN | CIVIL ACTION NO. 15-2057 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| WILLIS-KNIGHTON MEDICAL CENTER | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a motion by the Plaintiffs, BRFHH Shreveport and Vantage Health Plan, seeking to dismiss their request for injunctive relief with regard to the threatened movement of clinics and commercially insured patients from former University Health (now Ochsner LSU) to Defendant Willis-Knighton. Record Document 572. Plaintiffs explain that recent investigations, since Ochsner LSU acquired the assets of University Health, have led them to conclude that there is no longer a threat that clinics or commercially insured patients will be transferred to Willis-Knighton. Plaintiffs seek dismissal without prejudice, however, because they submit it is possible that Willis-Knighton will resume its conduct at some point in the future and thus present a future risk of the transfers they sought to enjoin. Willis-Knighton has filed an opposition, though it does not truly oppose the dismissal of this request for injunctive relief. See Record Document 577. Rather, the crux of the dispute between the parties at this juncture is whether the dismissal should be with or without prejudice. For the following reasons,

1

the Court **GRANTS** the Plaintiffs' motion and dismisses the request for injunctive relief **without prejudice**.

## Law and Analysis

The parties agree that a request for amendment or dismissal of a particular claim can be accomplished through Federal Rule of Civil Procedure 15.[1] See Exxon Corp. v. Maryland Cas. Co., 599 F.2d 659, 661–62 n.10 (5th Cir. 1979) (stating that an amendment under Rule 15 is the proper vehicle through which a party may dismiss a claim against a defendant). Rule 15 provides, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As mentioned above, Willis-Knighton does not truly oppose the dismissal of the request for injunctive relief, and the Court sees no reason why this motion should be denied. The question before the Court, then, is whether the dismissal should be with or without prejudice.

The Eleventh Circuit has held that "[u]nless the plaintiff's motion or the district court's order stipulates otherwise, a claim dropped through a Rule 15 amendment—or, for that matter, an action dropped pursuant to Rule 41(a)—is dismissed without prejudice." Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1107 (11th Cir. 2004). However, Rule 15 itself does not provide guidance on the factors a court should consider

---

[1] Although Plaintiffs originally sought dismissal under Rule 41, they now concede that Rule 15 is applicable because they seek to dismiss only a claim rather than an entire action. See Bailey v. Shell W. E&P, Inc., 609 F.3d 710, 720 (5th Cir. 2010) ("Rule 41(a) dismissal only applies to the dismissal of an entire action—not particular claims.").

2

in making the determination of whether a dismissal with prejudice is warranted. Nonetheless, the parties seemingly agree that Rule 41's factors for voluntary dismissal of a case should be taken into account. Rule 41 instructs that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a) (2). As the Fifth Circuit has explained,

> Certain well-settled principles guide the court's exercise of discretion:
>
> The purpose of Rule 41(a)(2) 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.' Accordingly the courts have generally followed the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. It is not a bar to dismissal that plaintiff may obtain some tactical advantage thereby.

Manshack v. Sw. Elec. Power Co., 915 F.2d 172, 174 (5th Cir. 1990) (quoting 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2364, at 165 (1971)). Thus, the pertinent inquiry is whether Willis-Knighton would suffer prejudice as a result of the Plaintiffs' unconditional dismissal of this specific request for injunctive relief. See Davis v. Huskipower Outdoor Equip. Corp., 936 F.2d 193, 198–99 (5th Cir. 1991) (affirming the district court's dismissal of a claim with prejudice where the plaintiff requested dismissal without prejudice after a year's litigation and only after obtaining an unfavorable ruling on the claim).

"Typical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling,

or may on refiling deprive the defendant of a limitations defense." In re FEMA Trailer Formaldahyde Prod. Liab. Litig., 628 F.3d 157, 162 (5th Cir. 2010). "[I]f a dismissal is without prejudice to the plaintiff, then the later it is granted the more likely it is to harm the defendant by subjecting him to the potential of additional litigation expenses." Schwarz v. Folloder, 767 F.2d 125, 129 (5th Cir. 1985). More precisely, "[w]here the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort," the court should consider a dismissal with prejudice. Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc., 903 F.2d 352, 360 (5th Cir. 1990). Prejudice, however, does not include "the mere prospect of a second lawsuit." Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002). The Fifth Circuit's guidance provides that when making these determinations, district courts must "first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, it should generally, absent some evidence of abuse by the movant, grant the motion. If the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the prejudice." Id. at 317–18.

In this case, Willis-Knighton argues it will be harmed by a dismissal without prejudice because: (1) this case has been pending for a substantial amount of time, (2) Plaintiffs have always known (or should have known) that they lacked standing to pursue this claim for injunctive relief, and (3) Willis-Knighton has already expended significant resources in defending this action. In response, Plaintiffs point out that the relevant

4

inquiry is not necessarily how long the case has been pending but whether they were dilatory in seeking dismissal. In that respect, they represent they filed this motion within weeks of the conclusion of the investigation that alleviated their concerns relevant to the injunctive relief requested. They also dispute Willis-Knighton's substantive argument that they lack standing, which is unsurprising since this issue has been the subject of ample motion practice in this case.[2]

After thorough consideration of the relevant factors, the Court agrees with the Plaintiffs that this dismissal should be without prejudice. While this case has been pending since 2015, it is unquestionably a complex anti-trust litigation which, despite its age, is still very much in a pretrial posture. Thus, it is not dispositive that this dismissal request was filed in 2019, four years after the suit began. What is instructive is whether Plaintiffs delayed in filing it, and the Court finds they did not. It is undisputed that the motion was filed soon after the investigation revealed Plaintiffs' transfer concerns had been put to rest, at least temporarily. Thus, there was no delay in filing this motion, and the age of this case does not warrant that the dismissal be with prejudice.

The Court is also not persuaded by Willis-Knighton's argument that it has expended significant resources thus far in the case. A case such as this unquestionably requires a vast commitment of resources beyond those normally entailed in the ordinary course of litigation. While the Court does not doubt that Willis-Knighton has expended substantial resources in its defense thus far, this case is, again, still in a pretrial posture. Further,

---

[2] The Court has not ruled on this issue.

the Court cannot say that the resources that have been expended were primarily devoted to defending this particular request for injunctive relief. Indeed, there have been myriad number of avenues of litigation in this action, and the request for injunctive relief is but one. Thus, the expenditure of resources does not warrant that the dismissal be with prejudice.

Moreover, the Court notes that the purpose behind the proposed dismissal is well-founded and, if granted, the dismissal would promote the efficiency of the litigation by removing a claim from the case. That means the Court need not engage in motion practice on that claim, nor would a jury be asked to resolve the claim at trial. This conserves judicial resources, as well as the parties' own resources. Further, not only is the purpose behind the motion to dismiss a valid one, Plaintiffs have not filed this motion for tactical or underhanded purposes, such as to avoid an imminent adverse ruling or to refile later in order to deprive the Defendant of a valid defense.

On balance, the Court finds little harm would result from a dismissal without prejudice. However, in an abundance of caution, the Court will impose a condition on this dismissal—the Plaintiffs cannot refile their request for injunctive relief without first presenting the Court with evidence establishing there has been a material change in circumstances from the investigation that prompted the instant motion.

## Conclusion

Accordingly, the Plaintiffs' motion to dismiss [Record Document 572] is **GRANTED** and their request for injunctive relief related to the threatened movement of clinics and

commercially insured patients to Willis-Knighton is **dismissed without prejudice**. However, before Plaintiffs may seek to refile their request for injunctive relief regarding the threatened movement of clinics or commercially insured patients to Willis-Knighton, they must first present the Court with evidence establishing a material change in circumstances from the investigation that led them to seek the dismissal of this claim.

**THUS DONE AND SIGNED** this 25th day of March, 2020.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE